UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 15-CV-4123 (JFB)(AYS)

HARBOR DISTRIBUTING CORP.,

Plaintiff,

VERSUS

GTE OPERATIONS SUPPORT INCORPORATED AND VERIZON NEW YORK INC.,

Defendants.

**MEMORANDUM AND ORDER**
March 28, 2016

JOSEPH F. BIANCO, District Judge:

Plaintiff, Harbor Distributing Corp. (hereinafter, "plaintiff"), brings this suit against defendants, GTE Operations Support, Inc. (hereinafter, "GTEOSI") and Verizon New York Inc. (hereinafter, "Verizon") (collectively, "defendants"). Plaintiff (1) seeks a declaratory judgment that GTEOSI cannot terminate its lease agreement with plaintiff and that the obligations in the parties' lease remain in full force and effect, (2) requests a preliminary and permanent injunction barring GTEOSI from unilaterally terminating the parties' lease, and (3) asserts that defendants have breached the lease. Defendants now move to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting that (1) this Court lacks subject matter jurisdiction to hear plaintiff's declaratory judgment claim, (2) plaintiff cannot maintain a claim for preliminary or permanent injunction because an injunction is a type of remedy, not a cause of action, and (3) plaintiff has failed to sufficiently allege a claim for breach of the lease.

For the reasons set forth herein, the Court grants defendants' motion to dismiss in its entirety. First, with respect to plaintiff's declaratory judgment claim, there is no case or controversy for the Court to decide, as defendants agree that they cannot terminate the lease at this time. Second, plaintiff's breach of lease claim fails because plaintiff has made only a conclusory allegation of breach, and has failed to provide notice to defendants as to the nature of the alleged breach. Given the vagueness of the claim, the Court also cannot decide whether a plausible claim exists. Finally, because the two substantive claims are dismissed, plaintiff's claim for injunctive relief must be denied as well. However, plaintiff will be permitted to re-plead its beach of lease claim. Moreover, the dismissal of the declaratory judgment claim is without prejudice to re-asserting it

1

once defendants provide a notice of termination (or otherwise indicate they believe the conditions to terminate have been satisfied).

I. BACKGROUND

A. Factual Background

Unless otherwise noted, the following facts are taken from the complaint ("Compl.") filed in this Court on July 14, 2015 and are not findings of fact by the Court.

This dispute involves a piece of real property (hereinafter, the "property") in Hicksville, New York. (Compl. ¶ 1.) A predecessor of GTEOSI,[1] manufactured nuclear fuel elements on the property from 1952 to 1967, which contaminated the property with uranium, thorium, and tetrachloroethylene. (*Id.* ¶¶ 6-7.) Plaintiff is the current owner of the property. (*Id.* ¶ 13.) From 1992 to 2002, plaintiff leased the property, which includes an industrial building with office space, to a non-party tenant. (*See id.* ¶¶ 6, 8, 14.)

When the historic contamination of the property was discovered, GTEOSI agreed to undertake certain remedial efforts to restore the property. (*See id.* ¶¶ 8, 18, 20.) In connection with this undertaking, in April 2002, GTEOSI entered into an agreement (hereinafter, the "agreement" or the "lease") with plaintiff, whereby it agreed to assume the non-party's commercial lease and pay rent to plaintiff. (*See id.* ¶¶ 8, 14-15.) The agreement between GTEOSI and plaintiff provided that GTEOSI would perform certain remedial work at the property and that the lease would extend until this work was complete. (*See id.* ¶¶ 8, 19.) The lease further provided that the remediation work would be deemed complete upon the satisfaction of three conditions: (i) the restoration of the property to the condition in which it existed at the commencement of the lease, (ii) the absence of any leasing restrictions imposed by any State governmental authority, and (iii) GTEOSI's vacation of the premises. (*Id.* ¶ 21.) Pursuant to the agreement, the lease would terminate six months after defendants completed the remedial work. (*See* Pl.'s Opp'n, Ex. 1 § 3.1.3(b).)

In 2009, the United States Army Corps of Engineers accepted oversight of the remediation of the property. (Compl. ¶¶ 42-43.) Several years later, in August 2014, GTEOSI wrote plaintiff explaining that:

> [S]ome years ago the United States Army Corps of Engineers (USACE) accepted oversight of the responsibility for investigating and remediating the contamination that was being addressed by GTEOSI .... Rather than simply walk away from the site[,] GTEOSI has remained at the property to help facilitate the USACE effort. . . . GTEOSI has recently decided that it is no longer appropriate for it to remain in this position. GTEOSI approached [you] to help assure a smooth transition to the government. . . . GTEOSI will not terminate the lease at this time to better enable [you] to successfully work things out with the

---

[1] Defendants maintain that it was actually a predecessor-in-interest of GTEOSI's corporate affiliates. (Defs.' Mot. at 3 n.1.)

2

Federal Government. While I do not know how long GTEOSI will agree to refrain from providing notice of termination, I am hopeful that it will not have to do so before [you] are able to come to terms with the USACE.

(*Id.* ¶ 27; Pl.'s Opp'n, Ex. 3 at 1-2.)

According to plaintiff, at a meeting in January 2015, counsel for Verizon informed plaintiff that Verizon intended to terminate the agreement.[2] (Compl. ¶ 28.) However, in a subsequent communication regarding this meeting, plaintiff clarified that: "[a]t our meeting, you expressed the opinion that your company had completed the first phase of remediation, and was permitted to terminate the lease. You indicated that it was the intention of GTEOSI to terminate, but that it was not something that would occur in the immediate future, and that you would provide us several months' advance warning of this." (*See* Pl.'s Opp'n, Ex. 8 at 1.) Nevertheless, concerned that defendants intended to prematurely end the parties' agreement, plaintiff filed this suit, seeking a declaration that "pursuant to the terms of the [lease] . . . [GTEOSI] has no right to terminate the lease between it and [plaintiff]." (Compl. at Prayer for Relief (i).)

In their opposition and at oral argument, defendants represented that they are not seeking to terminate the lease at this time and that they do not believe that they have satisfied the contractual prerequisites for termination. (*See, e.g.*, Defs.' Reply Mot. at 3 ("GTEOSI has ***not*** declared the [l]ease terminated and acknowledges that the condition precedent to termination has ***not*** been satisfied."); Defs.' Mot. at 9 (same).)

B. Procedural History

Plaintiff filed this action in New York State Court on June 17, 2015, and defendants removed the action to this Court on July 14, 2015. Plaintiff's complaint asserted causes of action for declaratory judgment, preliminary and permanent injunction, misrepresentation, violation of the New York State Navigation Law, alter ego, breach of fiduciary duty, and breach of lease. Defendants moved to dismiss the complaint on July 31, 2015. Plaintiff, in its opposition filed February 23, 2016,[3] abandoned all causes of action except for its claims for declaratory judgment, injunctive relief, and breach of lease. (*See* Pl.'s Opp'n at 2 n.2.) Defendants filed their reply on March 8, 2016. The Court held oral argument on March 16, 2016. The matter is fully briefed, and the Court has considered all of the parties' submissions.

II. STANDARD OF REVIEW

Relevant here are Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which respectively govern motions to dismiss for lack of subject matter jurisdiction, and motions to dismiss for failure to state a claim. The following standards of review are applicable to motions brought under these provisions.

---

[2] Verizon likely would not be able to terminate the lease, as it does not appear that it was a party to the agreement. (*See* Pl.'s Opp'n, Ex. 1.)

[3] Briefing on the motion to dismiss was delayed while the Court considered plaintiff's motion to remand. On January 14, 2016, the Court denied plaintiff's motion to remand and ordered plaintiff to submit its opposition to defendants' motion to dismiss. (*See* ECF No. 31.)

3

### A. Subject Matter Jurisdiction

On a motion to dismiss pursuant to Rule 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). While the court must generally "take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)), jurisdiction "must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," *id.* (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)); *see also Figueroa v. Comm'r of Soc. Sec.*, No. 12-cv-7129 (LGS)(SN), 2013 WL 3481317, at *2 (S.D.N.Y. July 11, 2013) ("[N]o presumptive truthfulness attaches to the complaint's jurisdictional allegations." (internal quotation marks omitted) (quoting *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996))). Moreover, "even on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citation and internal quotation marks omitted). The Court may resolve "disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

### B. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] *solely* relies and . . . is *integral to the complaint*." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

### III. DISCUSSION

#### A. Declaratory Judgment Claim

##### 1. Legal Standard

The Declaratory Judgment Act ("DJA") provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, actions for declaratory judgment still must meet "case or controversy" requirements and the party seeking declaratory judgment has the burden to prove subject matter jurisdiction. *E.R. Suibb & Sons, Inc. v. Lloyd's & Co.*, 241 F.3d 154, 177 (2d Cir. 2011). A court cannot adjudicate conjectural or hypothetical cases or controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "The disagreement . . . must have taken a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244, 73 S.Ct. 236, 97 L.Ed. 291 (1952). The question to be asked is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)); *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991). "Accordingly, a touchstone to guide the probe for sufficient immediacy and reality is whether the declaratory relief sought relates to a dispute where the alleged liability has already accrued or the threatened risk occurred, or rather whether the feared legal consequence remains a mere possibility, or even probability of some contingency that may or may not come to pass." *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 406-07 (S.D.N.Y. 2002) (citing *Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568, 580-81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)), *aff'd*, 346 F.3d 357 (2d Cir. 2003). "Whether a real and immediate controversy exists in a particular case is a matter of degree and must be determined on a case-by-case basis." *Kidder*, 925 F.2d at 562.

Additionally, the DJA states "'[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Dow Jones*, 346 F.3d at 359 (second and third alterations in original) (quoting 28 U.S.C. § 2201(a)). "Courts have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Id.*

##### 2. Application

Plaintiff's complaint asserts that a "justiciable controversy presently exists . . . as to whether GTEOSI may properly terminate the lease," (Compl. ¶ 55), and seeks a "declaratory judgment that GTEOSI's obligations under the terms of the lease remain in full force and effect," (*id.* ¶ 58). However, defendants have represented repeatedly to this Court, both in their papers and at oral argument, that they do not intend to terminate the lease at this time and that they recognize that there remains remedial

work to be completed.[4] (*See, e.g.*, Defs.' Reply Mot. to Dismiss at 1 ("GTEOSI fully recognizes that it cannot terminate the lease at this time."), 5 ("GTEOSI has . . . acknowledged that it must complete additional work at the Property before the Lease terminates.").) Thus, this Court cannot say that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Olin*, 5 F.3d at 17 (emphasis omitted); *see also Halo Optical Products, Inc. v. Liberty Sport, Inc.*, No. 6:14-CV-00282, 2016 WL 796069, at *2 (N.D.N.Y. Feb. 22, 2016) (observing that DJA claim would fail for want of case or controversy where there was no intent to terminate agreement); *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636, 641-42 (6th Cir. 2008) (dismissing DJA claim because there was no case or controversy where both parties agreed that defendants were not entitled to terminate agreement). At the moment, both parties agree that the conditions necessary for termination of the lease have not been satisfied and, therefore, the lease cannot be terminated.

Plaintiff is likewise not entitled to a declaration that, if, in the future, defendants should attempt to terminate the lease, doing so would be improper because defendants have not—or will have not—complied with the requisite preconditions for termination.[5] To make such a ruling would require the Court to assume that defendants will eventually terminate the lease and to speculate about the status of the three termination preconditions at that theoretical time. Doing so would be especially inappropriate because the restoration of the property (one of the preconditions for termination) is ongoing, so the Court would have to make assumptions about the extent and nature of the restoration that will have been performed by some indefinite point in the future when defendants terminate the agreement. *See Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13 CIV. 1725 LGS, 2014 WL 4054240, at *6 (S.D.N.Y. Aug. 15,

---

[4] As noted, when a defendant raises a factual challenge to subject matter jurisdiction, the Court assumes that all facts alleged in the complaint are true, "unless contradicted by more specific allegations or documentary evidence." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). In the complaint, plaintiff asserts that, in January 2015, Verizon's representative informed plaintiff that defendants intended to terminate the lease. (Compl. ¶ 28.) However, subsequent correspondence from plaintiff in February 2015 clarifies that during this meeting defendants did not indicate that they intended to terminate the agreement at that time: plaintiff wrote to defendants: "[a]t our meeting, you expressed the opinion that your company had completed the first phase of remediation, and was permitted to terminate the lease. You indicated that it was the intention of GTEOSI to terminate, but that it was not something that would occur in the immediate future, and that you would provide us several months' advance warning of this." (*See* Pl.'s Opp'n, Ex. 8 at 1.) Accordingly, the Court can consider defendants' repeated contentions that they are not terminating the lease at this time.

*Amidax*, 671 F.3d at 147 ("[W]e need not 'credit a complaint's conclusory statements without reference to its factual context.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009))).

[5] It appears from the briefing that the parties dispute the scope of the remaining required remediation work (*e.g.*, whether defendants must remediate the entire property or just restore the industrial building on the property). However, neither party has provided any meaningful legal or factual support with which the Court could undertake to resolve this issue of contract interpretation, and it would be unwise for the Court to answer this question in the absence of a full record. *See Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 375 (S.D.N.Y. 2009) (declaratory judgment on issue of contract interpretation would have been imprudent, given "paucity" of record on the matter). Moreover, the question of remediation to the entire property may never need to be reached by the Court unless (and until) GTEOSI restores the industrial building on the premises.

2014) (noting that courts may not issue "an opinion advising what the law would be upon a hypothetical state of facts" (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted))); *Advanced Glob. Tech., LLC v. XM Satellite Radio, Inc.*, No. 07 CIV. 3654 (JSR), 2007 WL 3196208, at *3 (S.D.N.Y. Oct. 29, 2007) (refusing to issue declaratory judgment that certain potential future conduct would constitute a breach of contract as it "involve[d] contingent issues not ripe for adjudication"); *see also Metro Motors, LLC v. Nissan Motor Corp. in USA*, 170 F. Supp. 2d 888, 890 (D. Minn. 2001) (holding that declaratory relief was unwarranted where the court would be required to presume both that defendants would terminate the agreement and what their basis for doing so would be).

Finally, and importantly, plaintiff will not be harmed by waiting to resolve its contentions concerning defendants' alleged non-compliance if, and when, defendants eventually seek to terminate the agreement. For this reason, the cases relied upon by plaintiff in arguing that declaratory judgment may occasionally be appropriate even when no party has taken steps to terminate the lease (*Hertzog, Calamari & Gleason v. Prudential Insurance Co. of America*, 933 F. Supp. 246 (S.D.N.Y. 1996) and *Gilbert, Segall & Young v. Bank of Montreal*, 785 F. Supp. 453 (S.D.N.Y. 1992)) are inapposite. In both cases, the plaintiff/lessee sought to terminate its lease, but there was a dispute about whether doing so would result in significant financial penalties. *Hertzog*, 933 F. Supp. at 249-250; *Gilbert*, 785 F. Supp. at 456. The courts reasoned that the plaintiffs should not have to first breach their lease—potentially subjecting themselves to serious penalties—before being allowed to seek judicial resolution on the question of whether they would be subjected to penalties for breach. *Hertzog*, 933 F. Supp. at 250; *Gilbert*, 785 F. Supp. at 459. Thus, declaratory relief was necessary so that the parties could obtain judicial relief "without the immediate prospect of incurring damages." *Atl. Richfield Co. v. Alcan Aluminum Holdings Ltd.*, 12 F. Supp. 2d 460, 461 (S.D.N.Y. 1998).

In contrast, here, the Court does not see how plaintiff would face an imminent and definite injury by waiting until defendants attempt to terminate the lease before suing for breach of contract. *See Odyssey Marine Expl., Inc. v. Unidentified, Shipwrecked Vessel*, No. 8:06-CV-1685-T-23MAP, 2012 WL 3541988, at *4 (M.D. Fla. Aug. 15, 2012) (dismissing declaratory judgment claim where plaintiff would suffer no injury by waiting to see if defendant actually breached agreement), *aff'd sub nom. Odyssey Marine Expl., Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890 (11th Cir. 2013). Nor has plaintiff identified (either at oral argument or in its papers) what harm it would suffer absent immediate relief or why a breach of contract action would not be a suitable alternate remedy.[6] In fact, the terms of the lease provide that it will not terminate until six

---

[6] Plaintiff's opposition asserts that "plaintiff disputes that a breach of contract action subsequent to defendants' termination of the [agreement] would be an adequate remedy for the losses it will incur." (Pl.'s Opp'n at 17.) It then goes on to state: "[i]f defendants are permitted to terminate the [agreement] based on a unilateral fiat that their obligations under the [agreement] are complete, the plaintiff will be left with a worthless piece of property contaminated by radioactive waste, and may ultimately be forced to forfeit the property." (*Id.* at 18.) However, the Court sees no reason why these asserted harms could not be remedied by a breach of contract action or by a declaratory judgment action once GTEOSI provides the requisite six months' notice that it intends to terminate, as noted *infra*.

months after the remediation is complete, (*see* Pl.'s Opp'n, Ex. 1 at 6)[7]; thus, plaintiff shall have six months during which it may challenge defendants' termination while still receiving rent.

As noted above, a district court has substantial discretion in determining whether to grant a declaratory judgment. It would be improvident to do so under the circumstances here, given that defendants have not undertaken to terminate the lease at this time, and there is no harm to plaintiff in waiting to sue defendants should they eventually seek to terminate the lease in a manner plaintiff deems violative of its terms. *See J.C. Penney Corp. v. Carousel Ctr. Co., L.P.*, 635 F. Supp. 2d 126, 135 (N.D.N.Y. 2008) (declaratory judgment claim was "unnecessary and inappropriate" where breach of contract claim provided plaintiff with an adequate remedy); *see also Odyssey Marine*, 2012 WL 3541988, at *4 (denying declaratory relief where defendants had not yet breached their agreement with plaintiff, and plaintiff could secure his desired relief through breach of contract cause of action and observing "[a]bsent a threat of an immediate injury or harm, '[n]o controversy exists when a declaratory judgment plaintiff attempts to obtain a premature ruling . . . typically adjudicated in a future actual controversy.'" (quoting *MedImmune*, 549 U.S. at 139 (Thomas, J. dissenting))).

Accordingly, plaintiff's claim for declaratory judgment is dismissed.

B. Breach of Lease Claim

1. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled in part on other grounds by Twombly*, 550 U.S. 544).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

---

[7] The Court may resolve "disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle*, 215 F.3d at 253.

8

550 U.S. at 556 n.3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1202, at 94, 95 (3d ed. 2004)). (*See also supra* II.B (discussing pleading standard in connection with a motion to dismiss).)

Rule 8(a) is "not meant to impose a great burden upon a plaintiff." *Dura Pharms.*, 544 U.S. at 347. As the Second Circuit has observed, "[d]ismissal pursuant to the rule 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

However, as the Second Circuit has held, Rule 8(a) does not indicate that "[p]laintiffs bear no burden at the pleading stage." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006). Instead, a court retains the power, "[w]hen a complaint does not comply with the requirement that it be short and plain, . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42; *see, e.g.*, *Russo-Lubrano v. Brooklyn Fed. Sav. Bank*, No. 06 Civ. 0672(CPS), 2007 WL 121431, at *4 (E.D.N.Y. Jan. 12, 2007). "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

To make out a claim for breach of contract under New York law, the complaint must allege facts which show: "(1) the existence of an agreement, (2) adequate performance of the contract by plaintiff, (3) breach of the contract by defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). Conclusory allegations that a defendant breached an agreement are insufficient to support a breach of contract claim. *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (collecting cases).

2. Application

The complaint gives only the most cursory treatment to the breach of lease claim. Plaintiff first provides the following provision, which it draws from the 1992 lease between the non-party tenant and plaintiff, which defendants subsequently assumed in the 2002 agreement:

> [GTEOSI is required to] maintain the Demised Premises and make repairs, restorations, and replacements to the Demised Premises . . . as and when needed to preserve them in their current order and condition, and regardless of whether the repairs, restorations, and replacements are ordinary or extraordinate, foreseeable or unforeseeable, capital or noncapital or not the fault of Tenant, its agents, employees, invitees, and contractors.

Compl. ¶ 103.)[8] Plaintiff then conclusorily asserts "[n]otwithstanding the foregoing

---

[8] The complaint cites two lengthy provisions from the lease (the first pertaining to "Requirements of Law, Fire Insurance, Floor Loads" and the second to "Repairs"), (Compl. ¶¶ 102-03); however, most of the contents of these two provisions appear to be inapposite. In its opposition, however, plaintiff excerpts from the "Repairs" provision the language

9

provisions of the Lease, the Defendants have not taken good care of the demised premises, and have not maintained the premises in good substantial condition and repair during the lease term." (*Id.* ¶¶ 103-04.)

The complaint fails to identify any further factual support for this assertion, for instance, any necessary repairs that have not been performed.[9] Therefore, plaintiff's claim must fail, as "[c]onclusory allegations that a defendant breached an agreement are insufficient to support a breach of contract claim." *Frontline Processing Corp. v. Merrick Bank Corp.*, No. 13 CIV. 3956, 2014 WL 837050, at *2 (S.D.N.Y. Mar. 3, 2014); *see also Excellent Home Care Servs., LLC v. FGA, Inc.*, No. 13 CIV. 05390 ILG, 2014 WL 4258992, at *2 (E.D.N.Y. Aug. 27, 2014) (dismissing cause of action because plaintiff failed "to include sufficient factual material to make its claim plausible"); *N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*, No. 12 CIV. 3584 JCF, 2013 WL 1500333, at *9 (S.D.N.Y. Apr. 12, 2013) ("Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." (quoting *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008))); *Soroof Trading Development Co. v. GE Fuel Cell Systems, LLC*, 842 F. Supp. 2d 502, 512-13 (S.D.N.Y. 2012) (dismissing breach of contract claim because complaint "does no more than make naked assertions without any factual enhancement to support"); *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011) (dismissing breach of contract claim because "simplistic allegations that Defendant failed to perform, are insufficient to make the requisite plausible factual demonstration of the basis of Plaintiffs' claim"); *Mr. Elec. Corp. v. Khalil*, No. 06-2414-CM-GLR, 2011 WL 5900810, at *2 (D. Kan. Nov. 23, 2011) ("Defendant's complaint, however, does not include sufficient factual allegations for the breaches alleged . . . . Rather, for these counterclaims, defendant's complaint only includes a conclusory allegation that plaintiff breached a section of the Agreement. . . . Defendant does not need to provide detailed factual allegations. But he must provide sufficient factual allegations that the court—assuming all well-pleaded facts to be true—can determine that defendant's right to relief is plausible." (internal citations omitted)); *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) ("The bare allegations that Defendants 'failed to make timely payments' and 'failed to properly account' to Plaintiffs, are, without more, conclusory. They are unsupported by any specific facts indicating what particular payments were late, when they were due and made, how such late payments give rise to a claim under the Distribution Agreement, or how such a claim translates into damages."); *Quik Park Felise LLC v. 310 W. 38th LLC*, 13 Misc. 3d 1228(A), 831 N.Y.S.2d 349 (Sup. Ct. 2006) (dismissing claim because "[n]owhere in the complaint does plaintiff explain how the lease was breached"). In *Frontline Processing Corp. v. Merrick Bank Corp.*, the court dismissed the plaintiff's breach of contract claim because of similarly threadbare pleadings, explaining that the plaintiff "[did] not plead any facts at all specifying how [the defendant] allegedly breached the [a]greement," but instead merely "insert[ed] the word 'failed' in front

---

quoted above, presumably as the terms it deems relevant to its claim. (*See* Pl.'s Opp'n at 11.)

[9] The complaint includes factual allegations concerning the remediation of the historic on-site nuclear contamination; however, this remediation does not appear to be relevant to the breach of lease claim, which instead relates to the maintenance of the industrial building on the property. In fact, as indicated, the contract term allegedly breached was drawn from the original lease between plaintiff and its non-party lessor, which was adopted in 1992, before the remediation of the nuclear contamination even commenced.

of contract provisions." 2014 WL 837050, at *3. Here, plaintiff has taken the same approach by simply identifying terms of the lease, and then denying defendants' performance therewith.

The inadequacy of the complaint is underscored by the fact that, when questioned at oral argument regarding how defendants had "not taken good care of the demised premises," and "[had] not maintained the premises in good substantial condition and repair," plaintiff was unable to point to any conduct that had been alleged in the complaint. At oral argument, while plaintiff identified various repairs (e.g. fixing the roof and installing a working air conditioner) that had allegedly not been performed, these facts (which would be sufficient to provide notice to defendants of the nature of the claim) were not included in the pleadings. While at the pleading stage, its burden is minimal, plaintiff must at least put defendants on notice of the allegedly offending behavior. *See, e.g.*, *Membreno v. Fu Wei*, No. 215CV06322ODWRAOX, 2015 WL 5567763, at *2 (C.D. Cal. Sept. 22, 2015) (dismissing complaint where plaintiffs failed to support claims with any specific facts that would allow defendants to understand the allegations against them).

Accordingly, plaintiff's claim for breach of lease is dismissed without prejudice.[10] Given that plaintiff can correct this pleading defect, plaintiff shall be given leave to re-plead.[11] *See Simmons*, 49 F.3d at 86-87.

### C. Preliminary and Permanent Injunction Claim

Plaintiff's claim for injunctive relief is also denied. Plaintiff acknowledges that "[a] cause of action for injunctive relief . . . is not available if the plaintiff does not have any remaining substantive causes of action against a defendant." (Pl.'s Opp'n at 19.) Thus, as plaintiff's only substantive causes of action have been dismissed, plaintiff's claim for injunctive relief cannot stand. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010).

---

[10] It appears that the only claim plaintiff asserts against defendant Verizon is for breach of lease. Defendants contend that Verizon was not a party to the lease, and therefore, cannot be sued for its breach. (*See* Defs.' Reply Mot. at 7 n.5 (citing *Kamdem-Ouaffo v. Pepsico, Inc.*, No. 14-CV-227 (KMK), 2015 WL 1011816, at *7 (S.D.N.Y. Mar. 9, 2015)).) Because the breach of lease claim is being dismissed as facially insufficient, the Court does not reach this argument.

[11] The Court denied plaintiff's motion to remand, concluding that the Court had jurisdiction over this action pursuant to the Price-Anderson Act, 42 U.S.C. §§ 2011 *et seq.* However, since the only claim being re-pled is the breach of lease claim, which appears to relate, not to a nuclear incident, but rather only to building repairs, Price-Anderson is likely not implicated. *See* § 2210(n)(2). Therefore, continued federal jurisdiction may not be appropriate, and the Court intends on conducting a telephone conference with the parties to address this issue.

IV.    CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed in its entirety; however, plaintiff is granted leave to re-plead its claim for breach of lease within 30 days of this Memorandum and Order.[12] Moreover, the declaratory judgment claim is dismissed without prejudice to re-asserting it once the defendants take the position that the lease can be terminated (by providing the six months' requisite notice or communicating their intent in some other manner).

SO ORDERED.

_____

Dated:   March 28, 2016
         Central Islip, NY

Plaintiff is represented by Robert P. Lynn, Jr., Kenneth L. Gartner, and Tiffany D. Frigenti, Lynn, Gartner, Dunne & Covello, LLP, 330 Old Country Road, Suite 103, Mineola, NY 11501.  Defendants are represented by John P. Del Monaco and Nathaniel J. Kritzer, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, and Robert L. Folks, Robert L. Folks & Associates, LLP, 510 Broad Hollow Road, Suite 304A, Melville, NY 11747.

---

[12] As all of plaintiff's claims are dismissed, the Court need not reach defendants' argument that, to the extent that plaintiff's claims are predicated on the allegation that defendants have failed to properly remediate the property, those claims are preempted by CERCLA.